JOSEPH E. HORNSBY, RESPONDENT, v. BOARD OF ALDERMEN OF THE CITY OF PERTH AMBOY ET AL., APPELLANTS.

Argued June 26, 1923—Decided October 5, 1923.

On appeal from the Supreme Court, in which the following memorandum was filed by Mr. Justice Bergen:

"The facts not in dispute are that, on January 5th, 1920, Ellsworth B. Walker was elected by the common council of Perth Amboy collector of revenue for the city for the term of three years, under a statute which permitted that action. *Pamph. L.* 1904, *p.* 151. That Walker died during the year, and in January, 1921, the prosecutor was duly elected to succeed him 'for the term provided by law,' and has since been serving under that appointment, and, if the term of his appointment be for three years, it will not expire until January 1st, 1924.

"The common council, conceiving that his appointment was only for the unexpired term of Walker, passed a resolution electing the defendant Mullen as collector of revenue for the city of Perth Amboy 'for the term of three years as prescribed by law,' and also adopted a resolution requiring prosecutor to surrender to Mullen all books and papers relating to that office.

"The prosecutor is still in possession of the office, and brings *certiorari* to set aside the two resolutions as an interference with his performance of the duties of his office.

"It is admitted by defendants that, if the law of 1904 is still in force, he has no legal standing to have the resolution enforced, but he claims that by the provisions of the statute of 1905 (*Pamph. L., p.* 14) so much of the act of 1904 as relates to the term of office of certain officials of cities like Perth Amboy, a city of the second class, was repealed, and that an appointment of officers of such a municipality can only be for an unexpired term, and that, consequently, relator's term expired January 1st, 1923.

"The difficulty with defendants' claim is that this court has held otherwise in *McCrellis* v. *Curran*, 86 *N. J. L.* 398, in which the Chief Justice, speaking for this court, said: 'The act of 1904, dealing with the terms of certain officers in cities of the second class, is therefore not at all effected by the later act of 1905.' This, until reversed by an appellate court, is binding on the Supreme Court, and the argument of the defendant, that it is erroneous in law, cannot be considered. The prosecutor is entitled to have the two resolutions brought under review by this writ, set aside, with costs, and it is so ordered."

For the appellants, *David T. Wilentz.*

For the respondent, *Leo Goldberger.*

Per Curiam.

The judgment under review herein should be affirmed, for the reasons expressed in the memorandum filed by Mr. Justice Bergen in the Supreme Court.

*For affirmance* — The Chancellor, Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, White, Heppenheimer, Ackerson, Van Buskirk, JJ. 12.

*For reversal*—None.